IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DENNIS EBORKA,<br><br>              Plaintiff,<br><br>vs.<br><br>JACI GUSTAFSON,<br><br>              Defendant. | **8:25CV630**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Dennis Eborka's Complaint filed on October 23, 2025. Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has also filed a Motion for Leave to Proceed in Forma Pauperis ("IFP"). Filing No. 2. Upon review of Plaintiff's IFP Motion, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT AND ADDITIONAL BACKGROUND

Plaintiff, a citizen of Michigan, sues Jaci Gustafson ("Defendant"), an employee of the University of Nebraska-Lincoln (the "University"), "under state law," alleging diversity of citizenship jurisdiction and $85,000 as the amount in controversy. Filing No. 1 at 2. Plaintiff alleges the following as his "Statement of Claim":

> The plaintiff, Dennis Eborka, [was] a student of University of Nebraska-Lincoln[.] On October 7th, 2024, defendant, Jaci Gustafson agreed to submit courses attempted by Plaintiff, Dennis Eborka to the committee in order for the committee to change Dennis Eborka, courses to pass or no pass grade on the following courses, chem 251, stat 218 and bioc 401. Defendant breach the agreement when she neither update pla[in]tiff about the changes of the mentioned courses above or neither did the committee send a letter after October 11th 2024. Defendant submitted all documents to the committee and the committee approved the submitted document and

promised to provide an update October 11th 2024.  I contacted defendant after that date and defendant did not respond.

Id. at 1 (punctuation as in original).

As relief, Plaintiff asks the Court to "order defendant to implement the courses mentioned above to change pass or no pass" and alleges

[t]he eligibility requirements to change courses to pass/fail was clearly satisfied by plaintiff.  All requested supporting document was reviewed by defendant and it was approved.  Plaintiff has satisfied the requirements and all courses attempted must be change [sic] to pass/fail due to extenuating circumstances experienced during the semester for which the medical withdrawal was requested.

Id. at 2.

A review of this Court's records reveals that Plaintiff filed a substantially identical action against Defendant on April 7, 2025, in Eborka v. Gustafson, No. 8:25-cv-00253-JMG-PRSE (D. Neb.) (hereinafter the "Prior Case"), of which the Court takes judicial notice.[1]  In the Prior Case, Plaintiff alleged he was "suing for a violation of federal law under 28 U.S.C. § 1331."  Filing No. 1 at 5, Case No. 8:25-cv-253.  Senior United States District Judge John M. Gerrard dismissed Plaintiff's complaint in the Prior Case without prejudice "for failure to state a claim for relief over which the Court has federal subject matter jurisdiction."  Filing No. 13 at 7, Case No. 8:25-cv-253.  Judge Gerrard first noted that the Court lacked diversity jurisdiction under 28 U.S.C. § 1332 because, "[w]hile Plaintiff and Defendant are alleged to be citizens of different states, nothing in the Complaint's allegations suggests an amount in controversy in excess of the requisite $75,000.00 amount."  Id. at 4, Case No. 8:25-cv-253.  Judge Gerrard then liberally

---

[1] The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records.  United States v. Jackson, 640 F.2d 614, 617 (8th Cir. 1981).  Judicial notice is particularly applicable to the Court's own records of prior litigation closely related to the case before it.  Id.

2

construed Plaintiff's complaint as alleging a federal due process claim and concluded the complaint's allegations failed to establish that Plaintiff "has a constitutionally protected property or liberty interest in the University's purely academic decision regarding whether to permit Plaintiff to change a past letter grade to a pass/no-pass grade." *Id*. at 6–7, Case No. 8:25-cv-253.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation

marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III.  DISCUSSION

After his lack of success in the Prior Case, Plaintiff now appears to seek to establish the Court's diversity jurisdiction over his claims against Defendant. Subject-matter jurisdiction pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, requires that "the citizenship of each plaintiff is different from the citizenship of each defendant." Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). Here, Plaintiff alleges he and Defendant are citizens of different states and an amount in controversy greater than $75,000.00. However, Plaintiff fails to allege any facts or legal theories establishing that the $85,000 amount in controversy alleged is legitimate.

Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but . . . the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." Trimble v. Asarco, Inc., 232 F.3d 946, 959 (8th Cir. 2000) (quotation omitted) (abrogated on other grounds by Exxon Mobil Corp. V. Allapattah Servs., Inc., 545 U.S. 546 (2005)). In addition, "[n]o presumptive truthfulness attaches to the plaintiff's

4

allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Id*. (quotation omitted).

Here, Plaintiff alleges a state-law claim against Defendant for breach of contract based on his allegations that "Defendant breach the agreement when she neither update pla[in]tiff about the changes of the mentioned courses above or neither did the committee send a letter after October 11th 2024." Filing No. 1 at 1 (as in original). "Under Nebraska law, the elements of a claim for breach of contract are: '(1) the existence of a contract; (2) breach of the contract; and (3) damages which flow from the breach.'" *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 757 (8th Cir. 2021) (quoting *United States v. Basin Elec. Power. Coop.*, 248 F.3d 781, 810 (8th Cir. 2001)); *see also Phipps v. Skyview Farms, Inc.*, 610 N.W.2d 723, 730 (Neb. 2000) ("In order to recover in an action for breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty."). "[F]or a cause of action based on a breach of express contract, there must be an unconditional and absolute acceptance of a definite offer constituting an agreement supported by sufficient and valid consideration." *Hecker v. Ravenna Bank*, 468 N.W.2d 88, 93 (Neb. 1991).

Liberally construed, Plaintiff alleges Defendant failed to provide an update on October 11, 2024, to Plaintiff as "promised" regarding the committee's decision on whether to change Plaintiff's past three courses to pass or no pass grades. Filing No. 1 at 1. Even assuming Plaintiff's allegations establish a valid contract and breach of that contract, Plaintiff does not allege any facts suggesting damages, let alone damages in excess of the requisite $75,000 amount in controversy, as a result of *Defendant's* actions.

5

Rather, the injuries and damages Plaintiff claims to have suffered are the result of the University committee's decision declining to change his past courses to pass or no pass grades, and Plaintiff does not even allege facts suggesting why that decision caused Plaintiff damages of more than $75,000.

Moreover, the relief Plaintiff seeks is to have the courses changed to pass or no pass grades, but Plaintiff alleges no facts suggesting that Defendant Jaci Gustafson has anything to do with the University committee's decision on such matters. Defendant is only alleged to have provided Plaintiff's documentation in support of his course change request to the committee and then to have failed to respond to Plaintiff's inquiry regarding his change request. However, Plaintiff's allegations clearly show that he is aware of the committee's decision not to grant his request to change his courses to pass or no pass grades, regardless of any failure by Defendant to respond to his inquiry regarding the same. Thus, nothing in the Complaint suggests that Defendant's failure to contact Plaintiff after submitting his documentation to the committee caused Plaintiff damages in excess of $75,000. Plaintiff's allegations fail to show that Defendant breached a contract with Plaintiff resulting in damages in excess of the requisite amount to establish the Court's diversity jurisdiction.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a plausible breach of contract claim over which the Court has subject matter jurisdiction and is, therefore, subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). The Court, therefore, will dismiss Plaintiff's action against Defendant without prejudice and without leave to amend as the Court finds such amendment would be futile, particularly in light of Plaintiff's previous attempt to obtain

relief against Defendant based on essentially the same allegations in the Prior Case. *See Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011) (dismissal for lack of subject matter jurisdiction should be without prejudice); *Horras v. Am. Cap. Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013) (district court may deny leave to amend when amendment would be futile).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is granted, and the Complaint shall be filed without payment of fees.

2. This matter is dismissed without prejudice.

3. The Court will enter a separate judgment.

Dated this 30th day of October, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge