IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DENNIS EBORKA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JACI GUSTAFSON,<br><br>　　　　　Defendant. | 8:25CV630<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the Court on Plaintiff's duplicate Motions for Reconsideration. Filing No. 9; Filing No. 10.  Because Plaintiff has not indicated which provision of the Federal Rules of Civil Procedure he is relying upon in making the motion, it may be treated either as a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment.[1]  *See* Sanders v. Clemco Indus., 862 F.2d 161, 168 (8th Cir. 1988). But whichever rule is applied, the motion fails.

　　　　Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence.  United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006).  Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.  *Id*.

　　　　Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

　　　　　　(1) mistake, inadvertence, surprise, or excusable neglect;
　　　　　　(2) newly discovered evidence that, with reasonable diligence, could
　　　　not have been discovered in time to move for a new trial under Rule 59(b);

---

[1] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Plaintiff's motion was timely filed on November 10, 2025.

>     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>     (4) the judgment is void;
>     (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>     (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." Buck v. Davis, 137 S. Ct. 759, 777–78 (2017) (quoting Gonzalez v. Crosby, 545 U.S. 524 (2005)).

On October 30, 2025, the Court entered a Memorandum and Order, Filing No. 5, and Judgment, Filing No. 6, dismissing Plaintiff's Complaint, Filing No. 1, without prejudice because "Plaintiff's allegations fail to show that Defendant breached a contract with Plaintiff resulting in damages in excess of the requisite amount to establish the Court's diversity jurisdiction," Filing No. 5 at 6. Liberally construed, Plaintiff asks the court to reconsider its decision based on the additional facts Plaintiff alleges in his motion to support his breach of contract claim. Specifically, Plaintiff alleges:

> Here plaintiff met his obligations by providing the document defendant requested in order to effect a medical withdrawal. Defendant is responsible for approving the grade option appeal because defendant is member of the advising committee whose sole responsibility is to grant grade option appeal. Defendant breach[ed] the agreement. Example failing to perform on time resulting in lost opportunities including scholarship totaling over $85,000[.]

Filing No. 9.

Upon careful consideration, the Court finds Plaintiff's additional allegations fail to demonstrate that relief from the Court's judgment of dismissal is warranted. In conducting the initial review, the Court took judicial notice of a substantially identical action Plaintiff previously filed against Defendant on April 7, 2025, in *Eborka v. Gustafson*, No. 8:25-cv-

2

00253-JMG-PRSE (D. Neb.) (hereinafter the "Prior Case").  *See* Filing No. 5 at 2.  With his Complaint in the Prior Case, Plaintiff attached communications with Defendant regarding the submission of his grade option appeal to the University's advising committee, including a message from Defendant stating, "I will submit this to the committee and you will receive a letter after Oct. 11 letting you know *whether your appeal was approved or not*."  Filing No. 1 at 9, Case No. 8:25-cv-253 (emphasis added).  Defendant's communication establishes Defendant never promised to grant Plaintiff's request to change his courses to pass or no pass, but only stated that the committee would consider Plaintiff's request.  The Court takes judicial notice of this alleged fact, and Plaintiff will not be permitted to allege otherwise now.  While Plaintiff is obviously disappointed in the committee's denial of his requested grade change, the Court finds that the additional allegations in his Motion for Reconsideration fail to establish he is entitled to relief from the Court's judgment of dismissal.

Accordingly, upon consideration of Plaintiff's motion, the Court concludes Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the Court's judgment of dismissal.  He has not shown that the dismissal was the result of manifest error of law or fact nor has he presented any "extraordinary circumstances" justifying relief.  Thus, Plaintiff has failed to establish sufficient grounds for setting aside the Court's judgment under Rule 59(e) or Rule 60(b).

IT IS THEREFORE ORDERED that Plaintiff's Motions for Reconsideration, Filing No. 9; Filing No. 10, are denied.

Dated this 23rd day of December, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge